**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-712C

(Filed: September 16, 2016)

**(NOT TO BE PUBLISHED)**

FILED
SEP 1 6 2016
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|   |   |
|---|---|
| VERN W. ENGLERT, | ) |
|   | ) |
| Plaintiff, | ) |
|   | ) |
| v. | ) |
|   | ) |
| UNITED STATES, | ) |
|   | ) |
| Defendant. | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Vern W. Englert, *pro se*, Tucson, Arizona.

Eric E. Laufgraben, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Reginald T. Blades, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff, Vern W. Englert, seeks monetary relief from the government for the value of lost property and for "loss of good health and well being" in connection with his termination from employment with the Small Business Administration ("SBA") in 1987. Pending before the court is the government's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC") ("Def.'s Mot. to Dismiss"), ECF No. 8.

## BACKGROUND

*A. Plaintiff's Claims*

From December 1976 to April 1987, Mr. Englert was employed as a senior loan specialist with the SBA. Def.'s Mot. to Dismiss at 1. Mr. Englert states that he also worked at the SBA

during this time as a collection loan specialist, an international trade representative, and a "presidential press secretary." Pl.'s Resp. to Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 11, at 2. He was terminated from the SBA in 1987 for continually poor job performance after being provided with a "60-day performance improvement period" consisting of "counseling and additional training." *Englert v. United States*, 38 Fed. Cl. 366, 368 (1997), *aff'd*, 132 F.3d 54 (Fed. Cir. 1997).

Mr. Englert alleges that his termination from the SBA was wrongful, and that the SBA gave him no information regarding the proper forum to contest the termination decision. Compl. at 2; Suppl. Compl. at 4. He now seeks compensation for financial loss and damage to his health stemming from his termination. Compl. at 3. He specifically alleges a $20,000 loss from sale of his Fresno townhome, an $8,000 loss from repossession of his car, and a $2,000 loss from sale of his furniture. Compl. at 3. These losses all allegedly occurred in the aftermath of his termination from the SBA. Compl. at 3. Mr. Englert also seeks compensation for "stress-related" disability and harm to his health, including prostate cancer surgery in 2008 and "reoccurring shingles," that allegedly resulted from his wrongful termination. Compl. at 4; Suppl. Compl. at 2-3. In total, he demands $50 million from the government. Pl.'s Opp'n at 5.

*B. Plaintiff's Prior Proceedings*

This case is the latest in a series of suits and appeals filed by plaintiff respecting his termination from the SBA.[1] Plaintiff initially challenged his termination before the Merit Systems Protection Board ("MSPB") in 1987, alleging *inter alia* that he was terminated for discriminatory reasons. *See Englert*, 38 Fed. Cl. at 368. Based upon the findings of an administrative law judge, the MSPB upheld the termination, the Federal Circuit affirmed the MSPB's decision, and the Supreme Court denied plaintiff's petitions for certiorari and rehearing. *See Englert v. Small Business Admin.*, Docket No. SF04328710485, 35 M.S.P.R. 628 (M.S.P.B. 1987), *aff'd*, 848 F.2d 1245 (Fed. Cir. 1988) (unpublished table decision), *cert. denied*, 488 U.S. 858 (1988), *reh'g denied*, 488 U.S. 977 (1988). Plaintiff also sought relief from the Equal Employment Opportunity Commission ("EEOC"), but his petition to the EEOC was dismissed as untimely. *See Englert v. Abdnor*, Petition No. 03900025, 1990 WL 1110976 (E.E.O.C. Feb. 16, 1990).

On January 9, 1989, the Office of Workers' Compensation Programs within the Employment Standards Administration of the U.S. Department of Labor sent plaintiff a letter stating that he was eligible for "medical coverage and compensation benefits" after finding that his depression "was brought about by [his] duties as Loan Processor" with the SBA. Suppl. Compl. at 8. The letter also directed him to file a claim for wage loss with the SBA. Suppl. Compl. at 8. The record of this case does not indicate if plaintiff ever filed such a claim, but a reported decision in an earlier action filed by Mr. Englert in this court explained that "[a]ccording to plaintiff's complaint [in that earlier case], he currently 'receives continuous and ongoing medical benefits under the Federal Employees' Compensation Act, 5 U.S.C. § 8101, et. seq., and 29 U.S.C. § 271 for his job related injury.'" *Englert*, 38 Fed. Cl. at 369.

---

[1] For a comprehensive overview of the prior proceedings by plaintiff, see *Englert*, 38 Fed. Cl. at 368-71.

Plaintiff subsequently filed employment discrimination claims in two different federal district courts. The first of these actions was dismissed without prejudice for improper venue. *Englert v. Abdnor*, No. CIV-90-154 (D. Ariz. June 8, 1990). The second was dismissed as untimely. *Englert v. Small Business Admin.*, No. CV-F-90-597 (E.D. Cal. July 29, 1992), *aff'd*, 990 F.2d 1257 (9th Cir. 1993) (unpublished table decision), *appeal after remand*, 28 F.3d 105 (9th Cir. 1994) (unpublished table decision), *cert denied*, 513 U.S. 1086 (1995), *reh'g denied*, 513 U.S. 1185 (1995).

In 1997, plaintiff filed his first suit in this court, alleging due process and statutory violations in connection with his wrongful termination from the SBA. *Englert*, 38 Fed. Cl. at 367. That suit was dismissed for lack of jurisdiction under RCFC 12(b)(1). *Id.* at 376. The court's decision was upheld by the Federal Circuit, 132 F.3d 54 (Fed. Cir. 1997), and the Supreme Court denied certiorari, 523 U.S. 1099 (1998).

Nearly twenty years after his previous suit in this court, and nearly thirty years after his termination from the SBA, plaintiff filed this suit on June 20, 2016.

## STANDARDS FOR DECISION

In any action, the plaintiff has the burden of establishing jurisdiction. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988).[2] The Tucker Act grants this court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Act waives sovereign immunity, thus permitting a claimant to sue the United States for monetary damages. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The Tucker Act itself does not provide a substantive right to monetary relief against the United States. *United States v. Testan*, 424 U.S. 392, 398 (1976); *see also Martinez v. United States*, 333 F.3d 1295, 1302-03 (Fed. Cir. 2003) (en banc). Rather, "[a] substantive right must be found in some other source of law." *Mitchell*, 463 U.S. at 216.

Under Rule 12(b)(6), the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court "must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff." *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009) (citations omitted). A complaint may also be dismissed under Rule 12(b)(6) when it "indicate[s] the existence of an affirmative defense that will bar the award of any remedy." *Corrigan v. United States*, 82 Fed. Cl. 301, 304 (2008) (internal citations omitted). Res judicata and

---

[2]Plaintiff proceeds *pro se*. *Pro se* claimants are held to a less stringent standard in pleading than that which is applied to formal pleadings prepared by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "This latitude, however, does not relieve a pro se plaintiff from meeting jurisdictional requirements." *Bernard v. United States*, 59 Fed. Cl. 497, 499, *aff'd*, 98 Fed. Appx. 860 (Fed. Cir. 2004) (per curiam); *see also Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

collateral estoppel are among the affirmative defenses that can properly be raised on a Rule 12(b)(6) motion. *Id.*

## ANALYSIS

*A. Plaintiff's Claims are Precluded by the Dismissal of His 1997 Suit Before This Court*

Under the doctrine of res judicata (claim preclusion), "a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.5 (1979). To determine whether a current claim is barred by res judicata, the court applies a three-prong test: "whether (1) there is identity of parties (or their privies); (2) there has been an earlier final judgment on the merits of a claim; and (3) the second claim is based on the same set of transactional facts as the first." *Sikorsky Aircraft Corp. v. United States*, 122 Fed. Cl. 711, 720 (2015) (quoting *Nasalok Coating Corp. v. Nylok Corp.*, 522 F.3d 1320, 1324 (Fed. Cir. 2008)). Each of the three prongs is met in this case when compared to plaintiff's 1997 suit before this court.

With respect to prong one, the parties in this action, Mr. Englert and the federal government, are identical to the parties in the 1997 action. Prong three is also easily satisfied. Although plaintiff sought back pay in his 1997 suit and now seeks compensation for lost property value and damage to his health, the claims for damages in both actions arise from plaintiff's 1987 termination from the SBA. Both suits are therefore based on the same "transactional" facts. *See Restatement (Second) of Judgments* § 24 cmt. c (1982) (explaining that the availability of multiple legal theories and grounds for relief does not create separate "transactions" for res judicata purposes).

As for prong two, the dismissal with prejudice of the 1997 action for lack of jurisdiction operates as a final judgment on the merits. Generally, "[d]ismissals for lack of jurisdiction do not reach the merits of a claim" and do not have preclusive effect. *Goad v. United States*, 46 Fed. Cl. 395, 398 (2000). However, a dismissal for lack of jurisdiction "may be given res judicata effect as to the jurisdictional issue." *Watson v. United States*, 86 Fed. Cl. 399, 402 (2009) (citations omitted). "If a second-filed claim presents the same jurisdictional issue as raised in the first suit, the doctrine of res judicata bars the second claim." *Id.* On the other hand, "[i]f the second-filed claim contains new information which cures the jurisdictional defect fatal to the first-filed suit, then the second-filed suit presents a different jurisdictional issue and res judicata does not apply." *Id.* (internal quotation marks omitted).

The court determined that it lacked jurisdiction in the 1997 suit because the Civil Service Reform Act ("CSRA"), Pub. L. No. 95-454, 92 Stat. 1111 (1978), "exclusively governs federal personnel matters," including plaintiff's termination from the SBA. *Englert*, 38 Fed. Cl. at 375. The CSRA exclusively vests jurisdiction for review of such decisions in the MSPB and then in the Federal Circuit, as originally pursued by plaintiff immediately after his termination. As a result, claims under this statutory scheme are not properly presented in this court. *Id.* at 374. Mr. Englert's present claims arise out of the same personnel decision as his claims in the 1997 case, and he has not provided any new information to cure the jurisdictional defect that precluded recovery in that case. The CSRA thus continues to bar plaintiff's claims in this court related to

4

his termination from the SBA, and the jurisdictional decision in the 1997 case operates as a final decision on the merits.

Therefore, as all three prongs of res judicata are met, this court's 1997 dismissal of plaintiff's similar complaint precludes the present suit.

### B. Plaintiff's Claims are Untimely

Even if Mr. Englert's claims were not precluded by his previous suit before this court, they are barred by the statute of limitations. "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. This statute of limitations is jurisdictional and cannot be tolled for equitable reasons. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133-34 (2008). Plaintiff's termination from the SBA, on which he bases his claims, occurred nearly thirty years before he filed the complaint in this case. The claims fall outside the six-year statute of limitations, and therefore are jurisdictionally barred.

### CONCLUSION

For the reasons stated, defendant's motion to dismiss Mr. Englert's complaint pursuant to RCFC 12(b)(1) and 12(b)(6) is GRANTED. The clerk shall enter judgment in accord with this disposition.[3]

No costs.

It is so **ORDERED**.

Charles F. Lettow
Judge

---

[3]Mr. Englert's application for leave to proceed in forma pauperis is DENIED as moot because he paid the filing fee.